NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re RICHARD K. KATSIGIANIS, as executor of Richard Kosmas Katsigianis Trust,**
*Petitioner*

---

2025-145

---

On Petition for Writ of Mandamus to the United States Court of Federal Claims in No. 1:25-cv-01126-RTH, Judge Ryan T. Holte.

---

**ON PETITION**

---

Before LOURIE, PROST, and CHEN, *Circuit Judges.*

PER CURIAM.

### O R D E R

Richard K. Katsigianis petitions for a writ of mandamus seeking to compel the United States Court of Federal Claims to take various actions, including entry of default judgment in his favor.  We deny the petition.

After reviewing his complaint, the Court of Federal Claims directed Mr. Katsigianis to show cause why the case should not be dismissed for lack of jurisdiction.  Mr. Katsigianis responded and separately filed a "motion to record conditional settlement offer and preserve federal

rights under active claim," Dkt. No. 7 at 1. On August 6, 2025, the court set the deadline for the government's answer to the complaint or responsive briefing to the show cause order for October 6, 2025.

Mr. Katsigianis subsequently filed various motions, including for immediate entry of default judgment, but certain filings were rejected for failure to comply with the court's rules. Mr. Katsigianis then filed this petition, which we have jurisdiction to review under 28 U.S.C. §§ 1295(a)(3), 1651, seeking to strike the August 6, 2025 order, docket his pending enforcement filings, and enter default judgment.

To obtain the extraordinary remedy of mandamus, a petitioner must show: (1) there is "no other adequate means to attain the relief" requested; (2) "issuance of the writ is clear and indisputable;" and (3) "the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.,* 542 U.S. 366, 380–81 (2004) (cleaned up). Mr. Katsigianis has not satisfied that standard here.

As to default judgment: under the rules of the Court of Federal Claims ("RCFC"), default is entered where a party "has failed to plead or otherwise defend" and default judgment may then be entered only "if the claimant establishes a claim or right to relief by evidence that satisfies the court." RCFC 55(a), (b)(2). Mr. Katsigianis's petition fails to demonstrate either, let alone both. And as to his challenges to the court's scheduling order, rejection of non-compliant documents, and other actions, he likewise has not demonstrated clear entitlement to relief or that mandamus is the only adequate means to obtain relief.

Accordingly,

IN RE KATSIGIANIS                                                                                    3

IT IS ORDERED THAT:

(1) The petition is denied.

(2) All pending motions are denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

September 11, 2025
Date